UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD YOUNG and ANN YOUNG,

Plaintiffs,

v.                                                                                  Case No. 3:18-cv-331-J-25MCR

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

Defendant.
_____/

**PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs, Donald Young and Ann Young, ("Plaintiffs"), pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 3.04 of the Local Rules of the Middle District of Florida, respectfully request this Court to enter an order: (a) striking the boilerplate objections of the Defendant, Hartford Insurance Company of the Midwest ("Defendant"), to Defendant's responses to Plaintiff's interrogatories and request for production of documents; (b) compelling Defendant to provide amended responses to Plaintiffs' First Set of Interrogatories; and (c) compelling Plaintiff to provide complete responses to Plaintiffs' first set of requests for production, including all responsive records except for those identified on a properly prepared privilege log, which should also be provided.

I.      **Introduction and Summary of Argument**

In this case arising out of substantial wind damage to Plaintiffs' home which occurred during a rain and windstorm in 2016, Defendant has obstructed and delayed the discovery process by asserting boilerplate objections to virtually every discovery request. Defendant also repeatedly

asserts objections based on state law precedent governing discovery in first-party insurance coverage disputes, although the Defendant – which removed this action from state court and sought the jurisdiction of the federal court to adjudicate the claim – has been made aware of precedent in this Court which holds that Florida state court cases regarding the discoverability of an insurer's claims files are not binding on federal courts.  In fact, federal courts have ruled that there are no all-encompassing privileges which protect an insurer's claim files.  Despite this, Defendant has failed and refused to produce a privilege log, and Plaintiffs are unable to ascertain what records Defendant is withholding from production based on its objections or whether Defendant has produced all responsive records.

Accordingly, Plaintiffs request this Court to issue an order: (a) striking the Defendant's boilerplate objections in its responses to Plaintiff's interrogatories and request for production; (b) compelling Defendant to provide amended responses to Plaintiffs' First Set of Interrogatories; and (c) compelling Plaintiff to provide complete responses to Plaintiffs' first set of requests for production, including all responsive records except for those identified on a privilege log which should also be provided.

**II.     Factual Background**

1. Plaintiffs originally filed a Complaint in state court on January 30, 2018  (Doc. 2). Defendant removed the action to this Court on March 7, 2018.  (Doc. 1).

2. Plaintiffs assert a claim for breach of contract and seek damages arising out of the structural damage to their home which is alleged to be an insured loss. (Doc. 2).

3. As the matter was originally pending in state court, Plaintiffs served a First Set of Interrogatories (**Exhibit A**) and a First Request for the Production of Documents (**Exhibit B**) on the Defendant at the same time Plaintiffs served Defendant with the Complaint.

4.     Defendant served its Answers and Objections to Plaintiffs' First Interrogatories (**Exhibit C**) and its initial Responses and Objections to Plaintiffs' Request for Production (**Exhibit D**) on April 25, 2018.   Defendant produced no responsive records at that time.

5.     On review of Defendant's written discovery responses, it was immediately clear that Defendant had asserted the same boilerplate, formulaic objections to virtually every discovery request.   On its Interrogatory responses (**Exhibit C**), Defendant asserted six (6) "General Objections" including objections to those interrogatories that seek "irrelevant" information (objection #3) or requests that are "vague" or "overbroad" (objection #4) although Defendant never identified a single interrogatory that it thought was vague or which sought "irrelevant" information, and Defendant certainly never provided any support for these objections with respect to any specific interrogatory.   Further, for all but one of its responses, Defendant asserted the same boilerplate objection:

> Hartford objects to this request on the grounds it may require the disclosure of certain information protected by the work-product privilege and attorney-client privilege. *See Scottsdale Ins. Co. v. Camara de Comercio Latino Americana de los Estados Unidos, Inc.*, 813 So. 2d 250 (Fla. 3d DCA 2002). Additionally, Hartford objects to the extent this question seeks information from the claim file, as this information is not discoverable in a first-party coverage dispute. *See Nat'l Sec. Cas. Co., v. Dunn*, 705 So. 2d 605 (Fla. 5th DCA 1997). Finally, Hartford objects on the grounds that this information is not relevant to the instant lawsuit.

6.     Other than citing to certain inapplicable state court precedent in its boilerplate objections, Defendant never stated why any interrogatory would require disclosure of protected information.   Defendant also repeatedly asserted a boilerplate objection based on relevance, which is an invalid objection under the Federal Rules.   Although Defendant referenced several records in its interrogatory responses, Defendant produced no actual documents.

7. Defendant similarly responded to the Plaintiffs' requests for production (**Exhibit D**). Here, however, Defendant asserted twelve boilerplate (12) "General Objections" before responding to every single request with the identical objection:

> Hartford objects to this request on the grounds that it is vague, overbroad, and it may require the disclosure of certain information protected by the work product privilege and attorney-client privilege. *See Scottsdale Ins. Co. v. Camara de Comercio Latino-Americana de los Estados Unidos, Inc.*, 813 So. 2d 250 (Fla. 3d DCA 2002). Additionally, Hartford objects to the extent this question seeks information from the claim file, as this information is not discoverable in a first-party coverage dispute. *See Nat'l Sec. Cas. Co., v. Dunn,* 705 So. 2d 605 (Fla. 5th DCA 1997).

8. Defendant made no effort to support its position that any specific request was vague or overbroad, and it cited the same inapplicable state court precedent as noted above.

9. The parties met and conferred pursuant to Local Rule 3.01(g) on May 7, 2018.

10. Defendant did not provide amended discovery responses until June 20, 2018, when Defendant finally provided amended Responses and Objections to Plaintiffs' Request for Production (**Exhibit E**), and Defendant also produced certain records. Although Defendant appears to have dropped its boilerplate "general objections," significantly, however, Defendant continues to assert the same boilerplate objection for every document request:

> RESPONSE: Hartford objects to this request on the grounds that it is vague, overbroad, and it may require the disclosure of certain information protected by the work-product privilege and attorney-client privilege. *See Scottsdale Ins. Co. v. Camara de Comercio Latino-Americana de los Estados Unidos, Inc*., 813 So. 2d 250 (Fla. 3d DCA 2002). Additionally, Hartford objects to the extent this question seeks information from the claim file, as this information is not discoverable in a first party coverage dispute. *See Nat'l Sec. Cas. Co., v. Dunn*, 705 So. 2d 605 (Fla. 5th DCA 1997).

11. As before, Defendant provides no explanation to justify its assertion that any specific request is "vague" or "overbroad." Defendant also still asserts that the same state court decisions govern its objections in this Court. Critically, Defendant has provided no privilege log,

and except for one record (in which Plaintiff provided no support or backup to validate its failure to produce a clearly responsive record) Defendant has not indicated whether it has withheld from production any other records based upon any of its asserted objections. Defendant's handling of discovery in this case has made it impossible for Plaintiffs to assess whether Defendant has produced all responsive records given the fact that Defendant has not provided a privilege log or some other roster of records that Defendant refuses to produce due to its objections.

12. Defendant has failed and refused to amend, correct or update its original interrogatory responses (Exhibit C).

### III.   Standard of Review and Controlling Authority

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. *Polycarpe v. Seterus, Inc.*, 2017 WL 2257571 *1-2 (M.D. Fla. 2017). "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *U.S. v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, 2007 WL 323222 7, at * 1 (M.D. Fla. Oct. 31, 2007) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. *S.L. Sakansky & Assoc., Inc. v. Allied Am. Adjusting Co. of Florida, LLC*, 2007 WL 2010860, at *1 (M.D. Fla. Jul. 6, 2007).

### A. Boilerplate Objections are Improper.

"The grounds for objecting to an interrogatory must be stated with specificity." Fed R. Civ. P. 33(b)(4). Since the Federal Rules of Civil Procedure were amended effective December 1, 2015, Rule 34 has required a party objecting to requests for production to: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." *Polycarpe,* 2017 WL 2257571 at *1. As this Court has noted, these rules leave no place for so-called "General Objections" to interrogatories and requests for production except in those rare cases where the same objection specifically applies to every interrogatory or request. *Id.* As the court observed in *Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, 2017 WL 976626 (N.D. Iowa Mar. 13, 2017), " '[t]he key requirement in both Rules 33 and 34 is that objections require 'specificity.' " So-called " 'generalized objections are inadequate and tantamount to not making any objection at all.' " *Id*. at *36

General objections, as Defendant asserted here, fall into the category of one-size-fits-all, boilerplate objections. "The problems with using boilerplate objections, however, run deeper than their form or phrasing. Their use obstructs the discovery process, violates numerous rules of civil procedure and ethics, and imposes costs on litigants that frustrate the timely and just resolution of cases." *Polycarpe,* 2017 WL 2257571 at *2. "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit ....." *Id.*; *citing Siddiq v. Saudi Arabian Airlines Corp.*,

2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (quoting *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007)).

As such, courts routinely reject boilerplate objections. *See Gonzalez v. ETourand Travel, Inc.*, 2014 WL 1250034, at *4 (M.D. Fla. Mar. 26, 2014); *Chambers v. Sygma Network, Inc.*, 2013 WL 1775046, at *3 (M.D. Fla. Apr.25, 2013). *See also Archer v. City of Winter Haven, et al.*, 2017 WL 5158142, *2, (M.D. Fla. 2017) ("Defendants stated the boilerplate objections of vague, overbroad, seeks information protected by attorney client or work product privileges, and not reasonably calculated to lead to the discovery of admissible evidence and often a combination of these boilerplate objections …. As made clear by the 2015 amendments to the Federal Rules of Civil Procedure, the use of boilerplate objections is improper. *See* Fed. R. Civ. P. 34.") Federal Rule of Civil Procedure 34(b)(2)(B).")

B. **Defendant Has Asserted Improper Objections Based on Inapplicable State Court Precedent.**

Defendant repeatedly invokes state court precedent to support its objection to producing records in this case, but federal courts regularly permit discovery of an insurer's claims file. *See e.g. Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201-04 (M.D.Fla.1990) (ordering production of files contained in insurer's claims file). In fact, Florida state court cases regarding the discoverability of claims files are not binding on federal courts. *Id.* at 201. *See also The St. Joe Co. v. Liberty Mut. Ins. Co*., 2006 WL 3391208 at *3, (M.D. Fla. 2006); *Great American Assurance Co. v. Ride Solutions, Inc.*, 2016 WL 9488777 at * 2 (M.D. Fla 2016).

This Court has recognized that there is no all-encompassing privilege which protects claims files, even acknowledging that the attorney client privilege or work product doctrine protects certain documents within an insurer's claims file. *The St. Joe Co*. 2006 WL 3391208 at *3. *See e.g. Connecticut Indem. Co. v. Carrier Haulers, Inc*., 197 F.R.D 564, 571-72 (W.D.N.C.2000).

7

Further, federal courts in Florida, bound to apply the Federal Rules of Civil Procedure, have generally rejected the exact position Defendant asserts here with its blanket objection and have found that position to be inconsistent with the federal rules.  *See Great American Assurance Co*, 2016 WL 9488777 at * 2 (citations omitted); *The St. Joe Co*., 2006 WL 3391208, at *3 ("[F]ederal courts regularly permit discovery of an insurer's claims file [before coverage has been proven]… There is no all-encompassing privilege which protects claims files.").

Further, this Court has held that in order to show that the withheld documents sought by a party constitute work product, the insurance carrier "must make an evidentiary showing based on competent evidence," such as "affidavits or deposition testimony," that the documents were "prepared in anticipation of litigation." *See Id*. at *6–7; Fed. R. Civ. P. 26(b)(3)(A).

**IV.      Defendant Should be Compelled to Amend its Interrogatory Responses.**

Defendant's "general objections" in its interrogatory responses (**Exhibit C**) should be struck, as should Defendant's boilerplate objections that are asserted in response to every interrogatory response.  As this Court has stated:

> Disappointingly, attorneys who are supposed to know better continue to preface their discovery responses with boilerplate, general objections. Defendant's counsel falls into this category. Defendant's discovery responses begin with six nonspecific "General Objections" which serve no purpose other than to waste the reader's time.

*Polycarpe v. Seterus, Inc.,* 2017 WL 2257571 at *2.

Further, Defendant should be compelled to provide complete responses to the following interrogatories.

**2.      Describe in detail the nature and substance of the knowledge that you believe the person(s) identified in response to Interrogatory No. 1 may have.**

In response, Defendant invoked two inapplicable state court cases and identified various inspections that were undertaken.  In no way has Defendant described "in detail the nature and

substance of the knowledge" of the three individuals Defendant identifies in its response to Interrogatory No. 1

4. **Describe the findings of all investigations, claims assessments or reviews undertaken by Hartford with respect to the Claim, including the bases for any conclusions reached regarding Hartford's position with respect to the repair and replacement costs.**

In response, Defendant invoked the same two inapplicable state court cases and identified various inspections that were undertaken. In no way has Defendant described any "findings" of its investigations nor has it provided any conclusions that it reached regarding Defendant's position with respect to repair and replacement costs.

5. **Identify and describe any and all policies and procedures required to be followed by Hartford's claims adjusters prior to issuing a claim payment with respect to roof damage caused by a wind storm, including (i) how Hartford determines repair and replacement costs for customers with a "Replacement Cost Guarantee Rider", and (ii) the policies, processes, and/or standards Hartford follows to ensure that its payment for repair and replacement consists of materials of like kind and like quality.**

In response, Defendant provided the same boilerplate objections. Defendant has failed and refused to identify and describe its policies as requested.

9

>        7.       **If you contend that any of the losses, costs or damages that the Plaintiffs have suffered was due to owner neglect, state all facts in support of such contention.**

Defendant provided the same boilerplate objections and then referenced various correspondence, none of which addresses the question of whether Defendant contends that any of the losses incurred were due to owner neglect.  For example, Defendant cites to a letter dated November 11, 2016 as responsive to this interrogatory, but the letter (attached hereto as **Exhibit F**) is merely a status update letter from Defendant to Plaintiffs noting that they are awaiting an inspection report to be uploaded.

>        8.       **State all reasons why Hartford refuses to pay the amounts stated in the estimate provided by Gold Star Adjusters with respect to the Claim, including all such specific items that Hartford contends, if any, (i) are not attributable to the incident that occurred on the Date of Loss, and/or (ii) are not coverable under the policy governing this Claim.**

Defendant asserts the same boilerplate objections before referring to its affirmative defenses and Hartford's insurance policy, presumably requiring Plaintiff to extract the answers from one or more of these cited records.

>        9.       **State the bases for the reductions Hartford applied to the loss due to depreciation, including the factors, percentages or other rationale underlying such depreciation calculations that Hartford applied.**

Defendant asserts the same boilerplate objections before referring to its affirmative defenses and Hartford's policy, presumably requiring Plaintiff to extract the answers from one or more of these cited records.

V. **Defendant's Boilerplate Objections Should be Struck, and Defendant Should Be Ordered to Produce all Responsive Records Except for Such Records Listed on a Properly Prepared Privilege Log.**

Defendant's boilerplate objections asserted in response to every request for production (**Exhibit E**) should be struck. Defendant provided no explanation or support showing that any specific request is "vague" or "overbroad," and Defendant cites to the same inapplicable state court cases to support its objection. Defendant asserts that it is producing records "without waiving said objection," but this is unhelpful and misleading as it impossible to know whether Defendant is refusing to produce other records based on its objections.

Further, Defendant only identified one document that it contends constitutes work product. *See* **Exhibit E**, Response # 7. Other than unilaterally declaring that the cited record (a roof evaluation from Dan Grifford, III of William John Associates) is "protected under the work product privilege," Defendant makes no effort to explain *why* it is work product and how this supposedly shields an otherwise response record from production. This does not comply with this Court's holding in *The St. Joe Co*. that in order to show that the withheld documents sought by a party constitute work product, the insurance carrier "must make an evidentiary showing based on competent evidence," such as "affidavits or deposition testimony," that the documents were "prepared in anticipation of litigation." *See Id*. at *6–7; Fed. R. Civ. P. 26(b)(3)(A).

Further, Defendant has not produced a privilege log, so it is impossible for Plaintiffs to determine what additional responsive records Defendant has withheld due to claims of privilege, work product or, frankly, any other objection. In short, "Defendant has exerted no more than a

minimal effort in attempting to persuade Plaintiff and this Court that the contested documents are privileged." *The St. Joe Co*. at *6. Here, Defendant should be required to provide a privilege log and produce every responsive record from its claim file or elsewhere unless such record appears on the privilege log.

## VI. Local Rule 3.01(g) and Fed. R. Civ. P. 26(c)(1) Certification

The undersigned counsel for Plaintiff hereby certifies that he conferred in good faith with counsel for Defendant, including both a meet/confer with two defense lawyers and subsequent correspondence, and that all issues raised in this motion have been thoroughly discussed. Counsel advises that Defendant has not shown a willingness to comply with its discovery obligations thus necessitating this motion.

## VII. Conclusion

WHEREFORE, Plaintiffs request this Court to issue an order (a) striking Defendant's boilerplate objections to Defendant's responses to Plaintiff's interrogatories and request for production; (b) compelling Defendant to provide amended responses to Plaintiffs' First Set of Interrogatories; and (c) compelling Plaintiff to produce all responsive records, including a privilege log and an identification of any documents withheld on the basis of any objection. Plaintiff further requests that the Court require Defendant to reimburse Plaintiffs' reasonable attorneys' fees and costs incurred in seeking this relief, and for such other and further relief as the Court deems just and proper.

DATED: June 25, 2018

                                        Respectfully submitted,

                                        ABEL BEAN LAW P.A.

                                        By: s/ Michael A. Abel
                                        Michael A. Abel, Esq.

        Florida Bar No. 0075078
        50 North Laura Street, Suite 2500
        Jacksonville, Florida 32202
        Telephone: (904) 516-5486
        email: *mabel@abelbeanlaw.com*


        Richard J. Lantinberg, Esq.
        THE WILNER FIRM
        Florida Bar No. 956708
        444 East Duval Street, 2d Floor
        Jacksonville, Florida 32202
        Telephone:   (904) 446-9817
        Facsimile:    (904) 446-9825
        email: *Rlantinberg@wilnerfirm.com*


## **CERTIFICATE OF SERVICE**

     I CERTIFY that on June 25, 2018, I filed the foregoing with the Clerk of the Court and served the same via email to all counsel of record below:

    MARSHALL DENNEHEY
    WARNER COLEMAN & GOGGIN, P.C.
    Michael A. Packer, Esq.
    100 NE 3l'd Ave., 11th Floor
    Ft. Lauderdale, FL 33301
    Telephone: (954) 847-4920
    Facsimile: (954) 627-6640
    Primary Email: mapacker@mdwcg.com
    Secondary Email: rrgomez@mdwcg.com

    Elizabeth B. Ferguson, Esq.
    Florida Bar No.: 570745
    200 West Forsyth Street, Suite 1400
    Jacksonville, FL 32202
    Telephone: (904) 358-4200
    Facsimile: (904) 355-0019
    Primary Email: ebferguson@mdwcg.com
    Secondary Email: jcwestbelly@rndwcg.com


          s/ Michael A. Abel
        Attorney